# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODOLFO PARTIDA-CASTELLON,<br><br>  Movant-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent-Plaintiff. | Civ. Case No. 11cv03103 BTM<br>Crim. Case No.11cr01236 BTM<br><br>**ORDER DENYING § 2255 MOTION** |

Defendant Jose Rodolfo Partida-Castellon has filed a motion to reduce his sentence under 28 U.S.C. § 2255. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

On May 12, 2011, pursuant to a Plea Agreement, Defendant entered a plea of guilty to Count One of the Information (violating 8 U.S.C. § 1326(a) and (b)).

On November 14, 2011, Defendant was sentenced to a 21-month term of imprisonment and three years of supervised release. Judgment was entered on November 15, 2011.

//
//
//

## II. DISCUSSION

In his motion, Defendant argues that his sentence should be reduced because due to his status as a deportable alien, he is ineligible for certain programs and benefits that are available to United States citizens.

Defendant is barred from arguing for a reduction of his sentence under the terms of the Plea Agreement. The Plea Agreement provided that the sentence was within the sole discretion of the sentencing judge and that Defendant understood that the sentencing judge may impose the maximum sentence provided by statute. (Plea Agreement ¶ 9.) Defendant and the Government agreed that Defendant's Adjusted Offense Level was 19 (including a 16-level increase under USSG § 2L1.2(b)(1)(A)), but reached no agreement on Criminal History Category. (Plea Agreement ¶¶ 4, 7.)

The Plea Agreement further provided: "In exchange for the Government's concessions in this plea agreement, *defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence* . . . unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. " (Plea Agreement ¶ 11) (emphasis added).

The Government recommended a guideline range of 21 to 27 months based an Adjusted Offense Level of 15 and a Criminal History Category of II. (Gov't Amended Sentencing Summary Chart (Doc. No. 24).) The Court sentenced Defendant to 21 months-- the low-end of the guideline range.

At the November 14, 2011 sentencing hearing, the Court confirmed that Defendant understood that he was waiving his right to collateral attack:

**The Court:** Has he waived his right to ever appeal and attack the sentence and conviction?

**Mr. McMullan:** Yes.

**The Court:** Have you waived your right to ever appeal and attack the sentence and conviction?

**The Defendant:** Yes.

A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). If ineffective assistance of counsel renders the plea agreement containing the waiver involuntary, the defendant may appeal or collaterally attack his sentence. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"). See also Pruitt, 32 F.3d at 433 (expressing "doubt" that such a waiver could be enforceable in a § 2255 context).

Defendant does not argue that his attorney was ineffective in advising him regarding the Plea Agreement or that his plea was otherwise involuntary. Accordingly, Defendant is bound by the terms of the Plea Agreement and is precluded from mounting a collateral attack on his sentence. Defendant's motion is therefore denied.

Finally, even if the Court were to consider his claim it would be denied. Had defense counsel sought a departure or sentence reduction on the grounds Defendant now suggests, the Court would have denied it as it has done numerous times.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to reduce sentence is **DENIED**. The Court **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 27, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court